UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. CANNAVAN,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No.: 1:26-cv-08837-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 2)<br><br>14-Day Objection Deadline<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Patrick A. Cannavan is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

On October 27, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.)

**II. THREE STRIKES PROVISION OF 28 U.S.C. § 1915**

Title 28 of the United States Code section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

## III. JUDICIAL NOTICE

The Court takes judicial notice[1] of the following prior lawsuits filed by Plaintiff in this district[2]:

1. *Cannavan v. Newsom*, No. 1:26-cv-5903-JLT-SAB (E.D. Cal.) (dismissed as duplicative on September 1, 2026)
2. *Cannavan v. Newsom*, No. 1:26-cv-6034-KES-EPG (E.D. Cal.) (dismissed as duplicative on August 31, 2026)
3. *Cannavan v. Newsom*, No. 1:26-cv-6035-KES-FJS (E.D. Cal.) (dismissed as duplicative on August 31, 2026)
4. *Cannavan v. Newsom*, No. 1:26-cv-6038-JLT-SAB (E.D. Cal.) (dismissed as duplicative on September 2, 2026)
5. *Cannavan v. Newsom*, No. 1:26-cv-6044-JLT-SAB (E.D. Cal.) (dismissed as duplicative on September 1, 2026)
6. *Cannavan v. Newsom*, No. 1:26-cv-6046-KES-EPG (E.D. Cal.) (dismissed as duplicative on August 31, 2026)
7. *Cannavan v. Newsom*, No. 1:26-cv-6048-KES-FJS (E.D. Cal.) (dismissed as duplicative on August 31, 2026)
8. *Cannavan v. Newsom*, No. 1:26-cv-6051-KES-FJS (E.D. Cal.) (dismissed as duplicative on August 31, 2026)

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Further, the Court notes that on the same date Plaintiff filed the instant action or shortly thereafter, the following cases have also been dismissed: *Cannavan v. Newsom*, No. 1:26-cv-5903-JLT-SAB (E.D. Cal.) (dismissed as duplicative); *Cannavan v. Newsom*, No. 1:26-cv-6038-JLT-SAB (E.D. Cal.) (dismissed as duplicative); and *Cannavan v. Newsom*, No. 1:26-cv-6044-JLT-SAB (E.D. Cal.) (dismissed as duplicative).

9. *Cannavan v. Newsom*, No. 1:26-cv-6152-JLT-EGC (E.D. Cal.) (dismissed as duplicative on September 29, 2026)
10. *Cannavan v. Newsom*, No. 1:26-cv-6291-KES-EPG (E.D. Cal.) (dismissed as duplicative on September 28, 2026)
11. *Cannavan v. Newsom*, No. 1:26-cv-6389-KES-EGC (E.D. Cal.) (dismissed as duplicative on September 28, 2026)
12. *Cannavan v. Newsom*, No. 1:26-cv-6498-KES-EPG (E.D. Cal.) (dismissed as duplicative on September 28, 2026)
13. *Cannavan v. Newsom*, No. 1:26-cv-06994-JLT-CDB (E.D. Cal.) (dismissed as duplicative on September 29, 2026)

A dismissal of a duplicative complaint is a strike for purposes of 28 U.S.C. § 1915(g). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims'"). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on September 1, 2026, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

## IV. IMMINENT DANGER DISCUSSION

### *Plaintiff's Allegations*

The Court has conducted a review of Plaintiff's complaint. Plaintiff names Governor Gavin Newsom, "SHO. JOHN/JANE DOE HEARING OFFICER," "MP JOHN/JANE DOE reporting party consealed," Correctional Officer J. Hilfman, Sergeant P. Pena, and Lieutenant A. Gomez at the California Substance Abuse Treatment Facility in Corcoran, California, as defendants in this action. (Doc. 1 at 1-2.) The complaint presents three claims. In Claim I, Plaintiff identifies the following "federal constitutional or statutory right(s)" are being violated by state officials:

> The right to grievance free from retaliation, 1st, 5th, 14th, 8th, "Anti-Slapp" Retaliation against a protected conduct, by Adverse Actions, and "Catch-22" issues 'IF' abuse is reported I/M gets abused, 'IF' its NOT reported I/M is abused

(Doc. 1 at 3.) Claim II identifies the following:

> "Anti-SLAPP" punished for reporting staff abust by way of the 1st Amendment to report

(*Id*. at 4.) Lastly, Claim III identifies these violations:

> Wellbeing to be free from injury by other I/M's drug use, were staff is well aware of the cell conditions when the SATF placed in a WELL-KNOWN drug cell

(*Id*. at 5.)

Prompted to provide supporting facts, in Claim I, Plaintiff states:

> The free exercise to report wrongs promulgated against claimant for making known issues of: a.) indifference; b) Wanton Gross Neglagence, c.) ADA abuse for seeking 'CORRECT' medical treatment, d.) Retaliation for making known 'improper' statements Re-medical results not in conjunction to rule of medical diagnostics, e.) abused for stating simple 'opinions' not directed ay "ANY ONE PERSON" a generalized MEDICAL OPINION held by claimant/Plaintiff, f.) disiplined for exercising the right to the 1st Amendment, g.) Violation 'Known-NO RETALIATION-orders by USC, ED, Federal Courts h.) Systemic 1st Amendment retaliation[s] when Grievancing-Staff abuse or violations of reasonableness to a right to be safe, and free from WANTON Neglagence-of system, i.) A claimed Rico-Act by 'a' acting in-conjunction to OVERLOOK a clear issue and despite protections owed, a reasonable or should be reasonablly know right to seek an intervention to a "Proceived" wrong and request to have reviewed by "Reasonable" actions in compliance to law.

(*Id*. at 3.) The supporting facts relating to Claim II state:

> In accordance to policy, PLRA, standing expectations to utilize the institutions "GRIEVANCE SYSTEM" a proceived required act prior to file 'ANY' suit. However Plaintiff has established there exists a 'constant-SYSTEMIC-patteren' (historically) of disiplining Plaintif for the Free Exercise of the 1st Amendment to: 1.) Grievance; 2.) Seek Remedy, 3.) Seek Judicial review-free from retaliation, 4.) The right to NOT-BE-SILANCED or ENDANGERED by the State and its employees, Plaintiff protections held within the Armstrong Remedial Plan (ARP) Federal courts 'Perminant Injunction'

(*Id*. at 4.) For Claim III, Plaintiff states:

> SATF-Staff knowingly placing Plaintiff in/on: 1.) A GP yard with

> clear-and proxamit dangers Plaintiff being SNY/NDPF classed I/M, additionally Plaintiff having request interventions found himself placed in Ristrict Housing Unit (Herein=RHU) as disipline, only the MOST-DANGEROUS prisoners are placed there, not SNY were a 'proven' false claim by staff was promulgated upon Plaintiff, having the Capt. A Gomez come EMERGENCY to remove Plaintiff stating "THIS DOESN'T CUT THE MUSTARD" meaning-The claims as presented by the Lt. are false and appear to be 'HOLY' retaliatory in nature. In consideration within the following 10 days said Lt. and Plaintiff were scheduealed for an OSC of his (Lt.'s) actions of/to retaliations for the redress of grievances reporting him to staff, subordantants under his controll and directions to duty. Plaintiff seeking 'CONTACT HI' due to direct contact to "UNKNOWN" substance from other I/M's he was placed-with, known drug pod/cell when Plaintiff is NOT-NOT in such a condition, or ever possed such a condiction-use of drugs

(*Id*. at 5.) Plaintiff's stated injuries concerning each of his three claims include discipline for engaging in protected conduct (*id*. at 3), mental and physical anguish, extended incarceration, "abuse endangerment" from other inmates due to "improper housing, appearing to be to cause injury" (*id*. at 4), and "Potential TBI, GBI, unknown-unrealized injury to 'contact' exposure to unknow drugs, chemicals, hazards, actual intoxifications by inflictions placed upon Plaintiff, where the effects will be unchecked and unrealized until it appears and is to-late to repair" (*id*. at 5).

***Analysis***

Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Here, the Court is unable to identify any genuine emergency involving a real or proximate threat where time is pressing. *Lewis*, 279 F.3d at 531. Plaintiff does not allege any specific allegation of "ongoing serious physical injury," nor any pattern of misconduct likely to result in "imminent serious physical injury." *Martin*, 319 F.3d at 1050.

First, "[p]otential TBI, GBI" does not present a genuine emergency involving a real threat where time is pressing because it is only speculative or hypothetical. *Lewis*, 279 F.3d at 531; *Lawrie v. Williams*, No. 1:19-cv-00640-DAD-GSA-PC, 2019 WL 4605707, at *3 (E.D. Cal. May 15, 2019) (recommending IFP be denied and stating "Plaintiff's fears of possible injury do not show that he was under imminent danger of serious physical injury at the time he filed his Complaint"), recommendation adopted, 2019 WL 4596647 (E.D. Cal. Sept. 23, 2019).

Second, vague and conclusory references to exposure to unknown drugs or chemicals are insufficient. *White*, 157 F.3d at 1231-32; *see also, e.g.*, *Rieco v. Gilmore*, No. 2:17-cv-0553, 2017 WL 11502315, at *3 (W.D. Penn. Dec. 29, 2017) (recommending IFP be revoked and finding "Plaintiff has offered vague, conclusory, fantastic and delusional claims" concerning "exposure to urine and/or toxins in his food" that do not satisfy the imminent danger exception), recommendation adopted, 2018 WL 700266 (W.D. Penn. Feb. 5, 2018); *Williams v. Brennan*, No. 2:12-cv-2155 KJM AC P, 2013 WL 394871, at *2 (E.D. Cal. Jan. 30, 2013) (recommending IFP be denied and stating "plaintiff appears to allege that defendants have conspired with each other and with prison officials to deny plaintiff the ability to sue prison officials for violation of plaintiff's civil rights. Plaintiff appears to allege that this conspiracy has placed plaintiff in imminent danger because it resulted in prison officials continuing to poison her 'with arsenic, toxins, poisons, biological agents, bacterias in her foods, daily, causing serious physical injuries to the plaintiff'"), recommendation adopted, 2013 WL 1192770 (E.D. Cal. Mar. 22, 2013).

Next, to the extent Plaintiff alleges correctional staff endanger him by retaliating against him in the form of housing moves or changes when he files grievances, the allegations are insufficient to show an imminent serious physical injury or a pattern of misconduct that is likely to result in serious physical injury. There are no dates given concerning grievances submitted and any action purportedly taken regarding housing or placement such that an imminent danger of

physical injury or that a pattern of misconduct making that result likely can be reasonably inferred. *Martin*, 319 F.3d at 1050; *see also*, *Williams v. Johnson*, No. 1:26-cv-02648-EGC (PC), 2026 WL 1240920, at *2 (E.D. Cal. May 6, 2026) (recommending IFP be denied and stating "Plaintiff does not allege he is in danger of the imminent use of excessive force and does not explain how purported due process violations concerning housing or disciplinary proceedings present an imminent danger of serious physical injury"), recommendation adopted, 2026 WL 1790774 (E.D. Cal. June 22, 2026); *Stephens v. Bragg*, No. 2:23-CV-1172-AC, 2023 WL 4198685, at *3 (E.D. Cal. June 27, 2023), recommendation adopted, 2023 WL 5516143 (E.D. Cal. Aug. 25, 2023), reconsideration denied, 2023 WL 6201751 (E.D. Cal. Sept. 22, 2023) ("Although it is clear that the alleged deliberate indifference to plaintiff's medical needs was ongoing at the time the complaint was filed, it does not appear that this ongoing dispute about proper treatment placed plaintiff in imminent danger of serious physical injury. Plaintiff's allegations to the contrary are conclusory and speculative, and thus insufficient to support an exception to the three strikes rule"); *Uhuru v. Rao*, No. 2:20-cv-1613 DB P, 2021 WL 1884997, at *2 (E.D. Cal. May 11, 2021) (recommending IFP be denied and finding "plaintiff has not provided any specific allegations indicating how he was in imminent danger at the time of filing. For example, plaintiff's conclusory allegations that he was deprived of outdoor exercise never specify for how long he was denied outdoor exercise. He mentions a fall down stairs that occurred in 2019 when he was assigned to upper tier housing [] but does not explain how that event relates to an imminent danger of serious physical injury at the time he filed this action on August 12, 2020"), recommendation adopted, 2021 WL 2822605 (E.D. Cal. July 7, 2021); *Taylor v. Carter*, No. 1:13-cv-1155 SAB (PC), 2014 WL 11774844, at *1 (E.D. Cal. May 5, 2014) (holding plaintiff's allegations of "excessive force, retaliation, and due process allegations arising from his placement and retention in administrative segregation" failed to show plaintiff was in imminent danger at the time the complaint was filed); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (holding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury").

To the extent Plaintiff can be understood to allege the denial of ADA programs or services qualifies for the exception, he is mistaken. Such denials do not present an imminent danger of serious physical injury. *See, e.g.*, *Rodriguez v. Gore*, No. 3:22-cv-00025-GPC-MDD, 2022 WL 848318, at *2 (S.D. Cal. Mar. 22, 2022) (a failure "to ensure [plaintiff] is offered the same disability accommodations as he was previously provided while in CDCR custody, do not meet § 1915(g)'s imminent danger exception"); *Norfleet v. IDOC*, No. 20-cv-00515-SPM, 2021 WL 3930699, at *6 (S.D. Ill. Sept. 2, 2021) (finding no imminent danger of serious physical injury regarding denial of ADA shower access).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, No. 1:13-cv-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)). In deciding whether such a nexus exists, courts consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis]." *Id*. Here, Plaintiff attempts to create a connection between his placement in restricted housing and/or a "known drug pod/cell," but his assertions are vague and conclusory rather than fairly traceable to the unlawful conduct he alleges. Again, there are no dates given concerning any grievance submitted and any action purportedly taken regarding his housing or placement. *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (the alleged danger must "stem[] from the violations of law alleged in [the] complaint ... [and] fairly traceable to unlawful conduct alleged in [the] complaint"); *Stine*, 2015 WL 5255377, at *3; *see also*, *e.g.*, *Moten v. California Department of Corrections and Rehabilitation*, No. 1:26-cv-03038-EGC (PC), 2026 WL 1240921, at *4 (E.D. Cal. May 6, 2026) (recommending IFP be denied and finding "to the extent Plaintiff relies on purportedly unlawful conduct by the Central District when that Court dismissed an earlier action on a finding he failed to meet the imminent danger exception, the Court finds those allegations are not fairly traceable to the unlawful conduct asserted in the

complaint because they don't stem from the violations alleged; rather, they relate to Plaintiff's disagreement with the Central District's determination"), recommendation adopted, 2026 WL 1510217 (E.D. Cal. May 29, 2026); *Garrett v. Allison*, No. 1:23-cv-00372-EPG, 2023 WL 2728914, at *3 (E.D. Cal. Mar. 31, 2023) (recommending IFP be denied and finding "Plaintiff's assertion of 'imminent danger due to his prison housing conditions,' is too attenuated from the legal theories asserted against Secretary Allison and Warden Cisneros to be considered 'fairly traceable' for purposes of § 1915(g)"), recommendation adopted, 2023 WL 5291325 (E.D. Cal. Aug. 17, 2023).

At bottom, Plaintiff complains that because he has filed multiple grievances, correctional staff are retaliating against him for having done so; but he makes insufficient showings to establish he faced an imminent danger of serious physical injury. *Andrews*, 493 F.3d at 1057 n.11 ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful"). In sum, the undersigned finds that Plaintiff fails to allege that he was in any imminent danger of serious physical injury at the time the complaint in this action was filed. Therefore, the undersigned will recommend that Plaintiff be precluded from proceeding IFP in this case and that he be ordered to pay the $405.00 filing fee to litigate this action. *Andrews*, 493 F.3d at 1052-53; *Lewis*, 279 F.3d at 531.

## V. ORDER AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to assign a district judge to this action.

Further, based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1. Plaintiff's application to proceed IFP (Doc. 2) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and
2. Plaintiff be ordered to pay the $405.00 filing fee for this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 29, 2026**

Erin Sun Castillo

UNITED STATES MAGISTRATE JUDGE